

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Coke Stevenson
Governor of Texas
Austin, Texas

Dear Governor:

Opinion No. O-4837

Re: Construction Section 2,
Article 8307, Revised
Civil Statutes, defining
the eligibility of a
second member of the In-
dustrial Accident Board.

We acknowledge receipt of your request for an opinion construing Section 2, of Article 8307, Revised Civil Statutes, in the respect mentioned, which request is as follows:

"Section 2 of Article 8307 reads as follows:

"'At the time of each appoint-ment one member of the Industrial Accident Board shall be an employer of labor in some industry or busi-ness covered by this law; one shall be employed in some business indus-try as a wage earner, and the third member shall be a practicing attorney of recognized ability, and shall act in the capacity of legal adviser to the board, in addition to his other duties as a member thereof, and be chairman of said board.'

"In view of the wording of the second requirement that 'one shall be employed in some business industry as a wage earner,' would an officer of a bank be eligible for appointment?  In your opinion was it the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Coke Stevenson - page 2

intent of the Legislature to include the
business of banking as a business indus-
try and is an officer of a bank who re-
ceives a regular salary, a wage earner
within the meaning of the Statutes?"

It is the opinion of this Department that your
inquiry should be answered in the negative. We base
this conclusion upon the following considerations, in-
volving as they do an original determination of the ques-
tion propounded.

Your letter does not disclose what particular
officer of the bank is involved, and what his duties are,
but, in view of the reasons hereinafter assigned for our
answer above, this can make no difference.

We will assume that the officer is a "wage earn-
er", and that the bank, of which he is a member, is an
"employer", within the meaning of Article 8309 of the
statutes.

Section 2, of Article 8307 quoted by you evi-
dences, we think, a very definite purpose on the part of
the Legislature that the membership of the Board should
consist of a representative of employers of labor, a
representative of labor, who himself is a wage earner,
and, lastly, of a lawyer. In prescribing the eligibil-
ity of the representative of labor, the statute requires
that he be "employed in some business industry". We
think this is a significant limitation upon the eligibil-
ity of such member. It is not enough to meet the require-
ment of the statute that he be an employee of some busi-
ness, or of some industry. He must be employed in some
"business industry".

Now, the words, "business" and "industry", are
very broad terms, when standing alone, but when combined,
as in the statute, they have a more restricted meaning.

Banking is undoubtedly a "business"; so, also,
banking may be considered within the broad scope of the
word "industry". But, in the light of the legislative
purpose in distributing the membership of the Board, we
do not believe a bank is a "business industry". It is
not in keeping with the general understanding to classify

banks as industrial concerns. Industrial concerns, in the popular understanding, are associated with the business of trade, manufacture, and the like. Gardner v. Trustees of Main Street M. E. Church of Ottumwa, Iowa, 244 N. W. 667; Dessen v. Department of Labor and Industries of Washington, 66 Pac. (2) 867; People ex rel. Fullam v. Kelly (N. Y.) 175 N. E. 108.

Again, we think, an officer of a bank, which bank, we have seen, is an employer within the meaning of the statute, is more nearly allocable to the employer-class, so far as eligibility is concerned, than he is to the wage-earner class.

With great respect, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED SEP 16, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN